UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RAYMOND L. JACKSON,

                                        Plaintiff,

           v.                                                                               8:22-CV-139
(MAD/CFH)

ANDREW J. WYLIE, Clinton County District
Attorney,

                                        Defendant.
_____

**APPEARANCES:**

Raymond L. Jackson
15-A-3740
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562
Plaintiff pro se

**CHRISTIAN F. HUMMEL
UNITED STATES MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION & ORDER**

**I. In Forma Pauperis**

      Plaintiff Raymond L. Jackson ("plaintiff"), pro se, purported to commence this action on February 14, 2022, with the filing of a complaint and, in lieu of paying this Court's filing fee, a motion for leave to proceed in forma pauperis ("IFP"). See Dkt. No. 1 ("Compl."); Dkt. No. 2. Plaintiff declares he is unable to pay the filing fee and has provided sufficient information, including a copy of his prisoner trust fund account. See

Dkt. No. 2. The undersigned has reviewed plaintiff's IFP motion and determines that he financially qualifies to proceed IFP for the purpose of filing.[1]

## II.  Initial Review

### A.  Legal Standard

In addition to determining whether plaintiff qualifies for IFP status, the Court must consider the sufficiency of the complaint's allegations pursuant to the standards set forth in Title 28 of the United States Code, Section 1915 ("Section 1915"). Section 1915 directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). It is a court's responsibility to determine that a plaintiff may properly maintain the complaint before permitting him to proceed with an action. See id.

Where, as here, the plaintiff acts pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted). A pro se litigant's pleadings are held to a less stringent standard than those drafted by an attorney. See Fed. Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008) ("Even in the formal litigation context, *pro se* litigants are held to a lesser pleading standard than other parties."). However, this

---

[1] Plaintiff is advised that although he has been granted IFP status for the purposes of this review, he is still required to pay any fees and costs he might incur in this action.

"does not exempt a [pro se litigant] from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (citations omitted).

Pursuant to the standards set forth in Federal Rule of Civil Procedure ("Fed. R. Civ. P."), 8, a pleading must contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include "a short and plain statement of the grounds for the court's jurisdiction" and "a demand for the relief sought . . . ." FED. R. CIV. P. 8(a)(1), (3).

Although "[n]o technical form is required," the rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." FED. R. CIV. P. 8(d). Further, Rule 10 provides:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of ". . . provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor."

3

Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).  A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).  If dismissal is warranted and the plaintiff is pro se, the court generally grants leave to amend ". . . when a liberal reading of the complaint gives any indication that a valid claim might be stated." Chavis v. Chappis, 618 F.3d 162, 170 (2d Cir. 2010) (quoting Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991) (citations omitted)).

### B. Complaint

Plaintiff has named Clinton County District Attorney Andrew J. Wylie ("defendant") as the defendant in this action.  See Compl. at 1.  Plaintiff states that he filed for the issuance of a subpoena duces tecum pursuant to N.Y. Crim. P. L. § 610.20

4

seeking access to evidence introduced during a now-completed criminal proceeding in Clinton County Court.[2] See id. at 4; Dkt. No. 1-1 at 1-2. Specifically, he sought to subpoena ". . . the DA's office (defendant)," for production of trial exhibits identified as "[P]eople's 4, 8, [and] 12," on a "JPEG file cd/dvd disc, and a Contact Sheet photographic images related to three (3) photographs that [were introduced] during trial by the DA's office[.]" Compl. at 4; Dkt. No. 1-1 at 1. He states that these exhibits ". . . pertain[ed] to three separate criminal sales, to a C.I. on March 28, 2014, (cocaine), Buy #1, April 28th, April 30th, 2014, (heroin) Buy #2 Buy #3." Dkt. No. 1-1 at 1. Plaintiff purportedly sought to use this evidence for his "collateral attack in State Court" and habeas corpus petition filed in the Northern District of New York. Id. at 2; see also Jackson v. Capra, No. 9:19-CV-01542 (DNH/CFH), Dkt. No. 1.

Plaintiff states that his request ". . . was denied by the lower Court in a dated letter (5-18-21)[.]" Compl. at 4; Dkt. No. 1-1 at 11. In the letter dated May 18, 2021, Clinton County Court Judge Keith M. Bruno stated that, ". . . pursuant to CPL 610.20[,]" "[s]ince there is no criminal action or proceeding pending in this Court, [plaintiff's] request is denied." Compl. at 4; Dkt. No. 1-1 at 11.

Plaintiff states that he appealed to ". . . the 3rd Dep't Appellate Division who responded seeking the judges order on about June 2021." Compl. at 4; Dkt. No. 1-1 at 12. Plaintiff states that he ". . . sent out a dated letter 6-11-21 (destroyed)" and that the "[l]ower Court Clerk Office replied in a dated letter (6-23-21)[.]" Compl. at 4; Dkt. No. 1-1 at 12. The June 23, 2021, letter states that

---

[2] The criminal proceeding resulted in plaintiff's conviction for ". . . the crimes of criminal sale of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the third degree (six counts)." People v. Jackson, 160 A.D.3d 1125, 125 (3d Dept. 2018) denying leave to appeal 31 N.Y. 3d 1149 (2018); see also Compl. at 6.

5

> The Court has received your recent correspondence dated June 11, 2021, on June 17, 2021. The Honorable Keith M. Bruno did send a letter on May 18, 2021, denying your request for a subpoena since you have no criminal action pending with this Court. You can appeal this matter to the appellate division, but no Notice of Entry will be filed with the Court's letter denying your request. A Notice of Entry is filed in a civil action and the matter you wish to appeal is a criminal action.

Dkt. No. 1-1 at 12.

Plaintiff states that he sought an extension of time to file an appeal and filled out a form titled "Notice Of Motion For Permission To Proceed As Poor Person On Appeal." Dkt. No. 1-1 at 13-18; Compl. at 4. Thereafter, "[p]laintiff received a dated letter (11-3-21) from the 3rd Dep't who declined to proceed for an appeal because the denied response from the lower Court was in a letter format." Compl. at 4; Dkt. No. 1-1 at 19. The November 3, 2021, letter states, in pertinent part

> Please be advised that appeals in criminal cases are strictly limited to those authorized by statute (see generally CPL article 450). There is no statute authorizing an appeal from a letter denying a request for a subpoena duces tecum. Accordingly, no further action will be taken by this office with respect to your letter unless you advise to the contrary.

Dkt. No. 1-1 at 19.

Plaintiff states that he then appealed to the Court of Appeals. See Compl. at 4; Dkt. No. 1-1 at 20-21. In a letter dated November 30, 2021, a Deputy Clerk from the Court of Appeals acknowledged receipt of plaintiff's November 22, 2021, letter and informed him that

> The Court of Appeals is a court of limited appellate jurisdiction over appeals from certain orders of other courts. Your papers do no include such an order, nor do they seek leave to appeal from such an order. If you have an order of an intermediate appellate court from which you seek leave to appeal, please send a copy to this Office and you will be provided with further instructions.

6

Dkt. No. 1-1 at 22.  Plaintiff states that he ". . . did as instructed in a dated letter (12-6-21)[.]" Compl. at 4; Dkt. No. 1-1 at 25-24.  Plaintiff then sent a letter on January 23, 2022, seeking a status update.  See Dkt. No. 1-1 at 25.  In response, the Deputy Clerk informed plaintiff:

> I acknowledge receipt of your letter dated January 23, 2022.
>
> There is no matter pending in the Court of Appeals in your name.  As stated in my December 16, 2021 letter (copy attached), the letters from the Appellate Division, Third Department, and Clinton County are not orders that may be appealed to the Court of Appeals.

Dkt. No. 1-1 at 26.

Plaintiff contends that "[t]he Court of Appeals declined to take up plaintiff's request to appeal.  That now leave the plaintiff with no State Court remedy, due in part of the lower Court decision to use a 'letter' format to improperly denied [sic] the plaintiff's access to trial exhibits." Compl. at 5.  He clarifies that ". . . plaintiff only seek[s] access to evidence that was introduce[d] at trial, to challenge the sufficiency of the evidence for [his[ conviction.  Plaintiff does not challenge any misconduct at trial, nor the duration of [his] sentence, or police conduct prosecutor's conduct." Id.

Plaintiff further contends that

> The Defendant did not oppose the plaintiff subpoena duce tecum, the lower court in Clinton County, and the State Courts denied plaintiff a procedural due process, of a state statute CPL. 450.  The stake[]s are high for the plaintiff to ascertain the trial evidence, for future proceedings in a State proceeding, or a pardon, or time commutation from the Governor's office.  That can possible be process expeditiously, if the plaintiff get[s] access to the trial evidence, to study the content of the CD/DVD compact disc.  The plaintiff have [sic] a liberty interest to ascertain the trial evidence.

Compl. at 5; Dkt. No. 1-1 at 26.

Plaintiff asserts three purported claims:

7

> First Claim[:] The District Attorney Office non-response impeded my efforts by refusal to allow access trial evidence in violation of plaintiff's 5th 6th 8th 14th Amend. U.S. CONST.
>
> Second Claim[:] The District Attorney's Office knowingly willfully and wantonly deprived plaintiff access of trial evidence exhibits to challenge the sufficiency of my conviction in violation of 5th 6th 8th 14th amend. U.S. CONST.
>
> Third Claim[:] District Attorney Office willfully and wantonly violated my rights to have access of trial evidence to get a pardon or time commutation from the N.Y.S. Gov. procedural due process violation 14th amend.

Compl. at 6. In relief, plaintiff seeks "[a]ccess to trial evidence exhibits People's 4, 8, 12, in hopes to challenge the sufficiency of [his] conviction." Id.

### C. Plaintiff's Habeas Corpus Proceedings

In May 2015, plaintiff filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Northern District of New York. See Jackson v. Capra, No. 9:15-CV-00576 (DNH/CFH), Dkt. No. 1. Because plaintiff's criminal proceedings were still ongoing, the Court dismissed plaintiff's petition without prejudice for failure to exhaust available state court remedies. See id. at Dkt. No. 4 at 6.

In December 2019, following his July 2015 jury trial conviction, plaintiff filed a second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[3] See Jackson v. Capra, 9:19-CV-01542 (DNH/CFH) ("Jackson II"), Dkt. 1. Plaintiff filed multiple motions in that proceeding seeking, inter alia, an opportunity to expand discovery and/or conduct an evidentiary hearing. Jackson II at Dkt. Nos. 15, 52, 58. Plaintiff sought

---

[3] Plaintiff was convicted of "(3) Counts of Criminal Sales of a Controlled Substance (B-felonies), (6) Counts of Criminal Possession of a Controlled Substance (B-felonies), all (9) Counts in the 3rd degree." Jackson II, Dkt. No. 1 at 1.

8

production of the trial exhibits at-issue in this case. See Jackson II at Dkt. Nos. 15, 52, 58; Compl. at 4-6. This Court denied plaintiff's requests. See Jackson II, Dkt. Nos. 17, 53, 62.

Notably, prior to filing his second habeas corpus proceeding, plaintiff brought an Article 78 action in Albany County Court. See Jackson II, Dkt. No. 1 at 4. Plaintiff asserted that he asked the state court

> to compel the NYSP HQ in Albany NY, to turn over several documents (1) CD/DVD DISC jpeg image file, (2) Contact sheet pertaining to (3) photographs that were take and then downloaded onto a computer server by Investigatory Timothy Connolly of (3) criminal sales Buys # 1, 2, 3, that the petitioner paid $75.00 to NYSP HQ who are refusing to disclose the documents under the FOIL request requirements after NYSP Lt. Col. Scott A. Wilcox made the document available to the petitioner to purchase.

Jackson II, Dkt. No. 9 at 4. Plaintiff indicated that "[the] Art. 78 petition was dismiss[ed] for failure to serve respondent a copy of petition."[4] Id. Plaintiff's second habeas corpus proceeding is pending; thus, his conviction remains valid. See generally Jackson II.

### D. Analysis[5]

In light of plaintiff's pro se status, the undersigned has liberally construed the complaint's allegations, identifying the strongest arguments raised therein. See Kirkland, 760 F.3d at 224. As referenced in his complaint, plaintiff brings this action pursuant to Title 28 of the United States Code, Section 1983 ("Section 1983"), which is an appropriate mechanism for the relief sought. See Compl. at 1; see also Gonzaga

---

[4] Plaintiff stated he did not appeal the dismissal ". . . because the highest Courts will affirm County Courts decision based on the petitioner['s] failure to provide the respondent with a copy procedural [sic] requirements." Jackson II, Dkt. No. 9 at 4.
[5] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

9

Univ. v. Doe, 536 U.S. 273, 285 (2002) (noting that Section 1983 "provides a mechanism for enforcing individual rights 'secured' elsewhere, i.e., rights independently 'secured by the Constitution and the laws' of the United States.").

### 1. Prosecutorial Immunity

Prosecutors are entitled to absolute immunity based on the scope of their function as an advocate in the judicial phase of criminal process. See Warney v. Monroe Cnty., 587 F.3d 113, 120-121 (2d Cir. 2009). The "ultimate question" of prosecutorial immunity is "whether the prosecutors have carried their burden of establishing that they were functioning as 'advocates' when they engaged in the challenged conduct." Id. at 121 (quoting Doe v. Phillips, 81 F.3d 1204, 1209 (2d Cir. 1996); see also Parkinson v. Cozzolino, 238 F.3d 145, 150 (2d Cir. 2001) (discussing that "[t]he cases thus draw a line between the investigative and administrative functions of prosecutors, which are not protected by absolute immunity, and the advocacy functions of prosecutors, which are so protected"). Although prosecutorial immunity bars Section 1983 claims for damages, an official-capacity claim for prospective injunctive relief may proceed to remedy an alleged ". . . ongoing violation of federal constitutional law." Avitabile v. Beach, 277 F. Supp. 3d 326, 332 (N.D.N.Y. 2017) (citations omitted).

Plaintiff contends that defendant's "non-response" relative to his subpoena duces tecum request ". . . deprived [plaintiff] access of trial evidence exhibits to challenge the sufficiency of [his] conviction[.]" Compl. at 6. Plaintiff does not specify whether he intended to bring this action against defendant in his individual or official capacity. See

generally Compl. However, because plaintiff identifies defendant in the caption of his complaint as "District Attorney Clinton County[,]" it appears that he intended to sue defendant in his official capacity. Id. at 4. As plaintiff seeks only injunctive relief to remedy the allegedly-continuing constitutional violations, his official-capacity claims against defendant are not barred by absolute immunity. See Avitabile, 277 F. Supp. 3d at 332 (citations omitted).

### 2.  Procedural Due Process

The Due Process Clause provides that a State may not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The "two threshold questions" in a procedural due process claim are: (1) "whether the plaintiff possessed a liberty or property interest protected by the United States Constitution or federal statutes[,]" and (2) "if so, what process was due before plaintiff could be deprived of that interest." Green v. Bauvi, 46 F.3d 189, 194 (2d Cir. 1995). "When reviewing alleged procedural due process violations, the Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees." Hellenic Am. Neighborhood Action Comm. v. City of N.Y., 101 F.3d 877, 880 (2d Cir. 1996) (citations omitted). "Under the latter scenario, a deprivation effectuated through the random and unauthorized acts of government officials does not violate procedural due process so long as the government provides a meaningful remedy subsequent to deprivation." Locurto v. Safir, 264 F.3d 154, 172 (2d Cir. 2001) (citation omitted).

Plaintiff contends that defendant has wrongfully impeded his access to exhibits from his criminal trial and that he "[has] a liberty interest to ascertain the trial evidence." Compl. at 4-6. Plaintiff's allegations show that he previously sought the exhibits through a New York State Freedom of Information ("FOIL") request. See Jackson II, Dkt. No. 9 at 4; see also Dkt. No. 1-1 at 8; N.Y. Pub. O. L. §§ 84-90. However, "[m]ultiple district courts in this circuit have held that a plaintiff has no constitutionally protected property interest in obtaining FOIL documents." Ladeairous v. Attorney General of the State of N.Y., No. 9:14-CV-250 (GTS), 2014 WL 12649838, at *5 (N.D.N.Y. Jun. 4, 2014) (collecting cases). Rather, "[t]he appropriate vehicle for challenging denials of access guaranteed by [FOIL] is a state court proceeding pursuant to N.Y. C.P.L.R. Article 78 upon exhaustion of administrative remedies." Schuloff v. Fields, 950 F. Supp. 66, 67-68 (E.D.N.Y. 1997); see, e.g., Posr v. City of N.Y., No. 10-CV-2551, 2013 WL 2419142, at *14 (S.D.N.Y. June 4, 2013) ("Under New York state law, if an agency or government official fails to comply with the provisions of FOIL, the person submitting the FOIL request must pursue an administrative appeal or seek remedies in state court pursuant to N.Y. C.P.L.R. Article 78.") (citing N.Y. Pub. Off. Law § 89)); Tolliver v. City of Syracuse, No. 5:16-CV-99 (GLS/TWD), 2016 WL 8461190, at *4 (N.D.N.Y. Feb. 16, 2016) (citing Hellenic, 101 F.3d at 880-81) ("Due process is not violated when a state employee intentionally deprives an individual of property or liberty, so long as the State provides a meaningful postdeprivation remedy such as an Article 78 proceeding.") report-recommendation adopted by 2016 WL 4532156 (N.D.N.Y. Aug. 30, 2016).

While courts in this district have ruled that there is no constitutionally protected interest in accessing public records, even assuming plaintiff had such an interest, there

would be no due process violation because an adequate state remedy exists under FOIL.  See Ladeairous, 2014 WL 12649838, at *5 (collecting cases); Blount v. Brown, No. 10-CV-01548 (ARR), 2010 WL 1945858, at *2 (E.D.N.Y. May 11, 2010) (stating that ". . . even assuming *arguendo* that plaintiff had a protected property interest in the FOIIL documents, his due process claim would still fail because he has not shown that the state post-deprivation process is inadequate."); Davis v. Guarino, 52 F. App'x 568, 569 (2d Cir. 2002) (summary order) (stating, in a case where the plaintiff's "[FOIL] request for information 'pertinent to [his] preparation' of his criminal defense[]" was denied, that "[w]e have held on numerous occasions that an Article 78 proceeding is a perfectly adequate post-deprivation remedy.") (citations omitted); see generally N.Y. Pub. O. L. §§ 84-90.  In fact, plaintiff previously asserted that he commenced an Article 78 proceeding in Clinton County Court to appeal his initial FOIL denial.[6]  See Jackson II, Dkt. No. 9 at 4.  As Article 78 is an adequate post-deprivation remedy, even assuming plaintiff had a constitutionally protected interest at-stake, his attempt to obtain records from defendant cannot be the basis for a federal action.  Hellenic, at 101 F.3d at 881 (citations omitted); see also Sonds v. Cuomo, No. 9:11-CV-895 (NAM/ATB), 2012 WL 952540, at *3-4 (N.D.N.Y. Feb. 3, 2012) report-recommendation adopted by 2012 WL 952416 (N.D.N.Y. Mar. 20, 2012).  Accordingly, plaintiff's complaint fails to state a cause of action.

---

[6] To be clear, whether plaintiff actually pursued an Article 78 proceeding is immaterial as there is no exhaustion of remedies requirement for Section 1983 procedural due process violation claims; rather, "[w]hen there is an adequate state postdeprivation procedure to remedy a random, arbitrary deprivation of property or liberty[,]" "there *is no* constitutional violation (and no available § 1983 action)[.]"  Hellenic Am. Neighborhood Action Comm. v. City of N.Y., 101 F.3d 877, 882 (2d Cir. 1996) (collecting cases).

13

### 3. Remaining Constitutional Claims

Insofar as plaintiff references unspecified violations of his constitutional rights, particularly his general references to the "5th 6th[7] 8th[8]" Amendments, such claims must be dismissed. Compl. at 6. It is well settled that ". . . simply raising a federal issue in a complaint will not automatically confer federal question jurisdiction." Perpetual Sec., Inc. v. Tang, 290 F.3d 132, 137 (2d Cir. 2002) (citation omitted). The Fifth Amendment applies only to the United States government and federal employees, not to the States. See Dusenbery v. United States, 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'"). Plaintiff does not allege any deprivation of his due process rights by the federal government or its employees. See generally Compl. Further, plaintiff contends that defendant's "non-response" relative to his subpoena duces tecum ". . . deprived [plaintiff] access of trial evidence exhibits to challenge the sufficiency of [his] conviction[.]" Id. at 6. However, such allegations do not plausibly give rise to Sixth or Eighth Amendment violations. Accordingly, the undersigned recommends dismissing these claims for failure to state a claim upon which relief can be granted.

---

[7] The Sixth Amendment reads: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defen[s]e." U.S. Const. amend. VI.
[8] The Eight Amendment reads: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

### III. Opportunity to Amend

Generally, "[a] *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014) (citation omitted). To the extent plaintiff's complaint seeks to compel defendant to produce trial exhibits from his criminal proceeding in Clinton County Court, there is no indication that an amendment would permit this claim to proceed. See Sonds, 2012 WL 952540, at *4 (recommending dismissal "with prejudice without leave to amend" where plaintiff's action sought materials from state agencies and no amendment would create "a viable federal claim.") (citing Blount v. Brown, No. 10-CV-01548 (ARR), 2010 WL 1945858, at *2, 4 (E.D.N.Y. May 11, 2010) (dismissing without leave to amend a § 1983 action where "the procedures set forth under New York law are sufficient to protect any property interest that a person might have in the receipt of FOIL documents.")). Thus, plaintiff's Fourteenth Amendment claim should be dismissed without opportunity to amend. See id. To the extent plaintiff asserts a violation of the Fifth Amendment, leave to amend would be futile where there are no allegations in plaintiff's complaint relating to the federal government or federal employees. As to the Sixth and Eighth Amendments, "where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice." Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991). It appears unlikely that plaintiff will be able to assert a Sixth or Eighth Amendment violation but according plaintiff the utmost liberality in light of his pro se status, the undesigned recommends dismissing the Sixth and Eighth Amendment claims without prejudice and with leave to amend.

15

## IV. Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's in forma pauperis application (Dkt. No. 2) be **GRANTED** for the purpose of filing; and it is further

**RECOMMENDED**, that plaintiff's Fifth and Fourteenth Amendment claims (Dkt. No. 1) be **DISMISSED WITH PREJUDICE**, and without leave to amend; and it is further

**RECOMMENDED**, that plaintiff's Sixth and Eighth Amendment claims (Dkt. No. 1) be **DISMISSED WITHOUT PREJUDICE**, and with leave to amend; and it is further

**RECOMMENDED**, that should the District Judge adopt this Report-Recommendation and Order, plaintiff be given thirty (30) days from the date of the Order adopting this Report-Recommendation and Order to file an amended complaint, and if plaintiff does not file an amended complaint, (1) it will be deemed as an abandonment of any claims for which leave to replead has been granted and will result in judgment being entered against plaintiff on these claims without further order by the Court, and (2) the matter be returned to the Magistrate Judge for service of the original complaint for any claims that were permitted to proceed in the original complaint, with all other claims deemed stricken.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN** (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human

16

Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[9]

Dated: May 26, 2022
      Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[9] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. See FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. See id. § 6(a)(1)(c).