UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

**RAYMOND L. JACKSON,**

                               **Plaintiff,**

   vs.                                                                            8:22-cv-139
                                                                                                  (MAD/CFH)

**ANDREW J. WYLIE,** *Clinton County District Attorney,*

                               **Defendant.**

_____

**APPEARANCES:**                                                      **OF COUNSEL:**

**RAYMOND L. JACKSON**
15-A-3740
Fishkill Correctional Facility
Box 1245
18 Strack Drive
Beacon, New York 12508
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      On February 14, 2022, Plaintiff Raymond L. Jackson, acting *pro se*, commenced this action pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1. Upon review and construed liberally, Plaintiff's three asserted claims in the complaint amount essentially to one claim that Defendant, in his official capacity as District Attorney of Clinton County, violated Plaintiff's rights guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments by refusing to fulfill a *subpoena duces tecum* sought by Plaintiff. *See id.* at 5. In his efforts to access trial evidence, which he believes may support (1) a challenge to his conviction, (2) a time commutation of his sentence, or (3) a pardon from the governor, Plaintiff "filed a N.Y. Crim. Proc. Law 610.20," or

1

what appears to be an affidavit, pursuing a *subpoena duces tecum* directed to Defendant on May 9, 2021.  Dkt. No. 1-1 at 1-2.  Defendant denied Plaintiff his request for evidence in a letter dated December 17, 2019, explaining the reasons for the denial, and reminding Plaintiff "[his criminal] case is closed and [he has] exercised [his] rights under appeal and . . . several CPL 330 motions."  Dkt. No. 1-1 at 6.

What followed was a series of letters submitted by Plaintiff to New York State courts, including the Supreme Court of Clinton County, the Appellate Division of the Third Department, and the New York State Court of Appeals, claiming his request for evidence and his appeal have been denied by Defendant and the lower court.  *See* Dkt. No. 1 at 4.  From each of these courts Plaintiff received letters explaining that due to the closed status of his criminal case and the lack of a pending criminal action or appeal *in that specific court*, it was not possible to fulfill his requests.  *See* Dkt. No 1-1 at 11, 12, 19, 22.  Plaintiff now seeks declaratory relief and a preliminary injunction to compel Defendant for "access to trial evidence exhibits People's 4, 8, 12, in hopes to challenge the sufficiency of my conviction."  *See* Dkt. No. 1 at 5.  Plaintiff also filed an application to proceed *in forma pauperis* ("IFP").  *See* Dkt. No. 2.

On May 26, 2022, Magistrate Judge Hummel conducted an initial review of the complaint. *See* Dkt. No. 10.  In his Report-Recommendation and Order, Magistrate Judge Hummel recommended that the Court dismiss Plaintiff's Fifth and Fourteenth Amendment claims with prejudice and without leave to amend for failure to state a claim upon which relief may be granted.  *See id.* at 16.  Specifically, Magistrate Judge Hummel noted that Plaintiff "failed to state a cause of action" for Plaintiff has not demonstrated that Article 78, New York State's post-deprivation remedy for due process claims based on random, unauthorized acts by state employees, is inadequate.  *Id.* at 11, 13.  Furthermore, noting that Plaintiff's allegations "do not

plausibly give rise to Sixth or Eighth Amendment violations," Magistrate Judge Hummel recommended that Plaintiff's Sixth and Eighth Amendment claims be dismissed without prejudice and with leave to amend "in light of [Plaintiff's] *pro se* status." *Id.* at 14, 15. On June 10, 2022, Plaintiff filed an Objection to the Report-Recommendation and Order, in which he reasserted his request for relief for his "constitutional claims of the 5th 6th 8th 14th amendments [*sic*]." *See* Dkt. No. 12 at 3.

Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed IFP, "(2) . . . the court shall dismiss the case at any time if the court determines that - . . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Nonetheless, this "right does not exempt a party from compliance with relevant rules of procedural and substantive law." *Id.* (citations and quotation marks omitted).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same

3

arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007).  After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

In his Objection, Plaintiff argues that New York State courts denied him "an appeal process;" that his post-conviction claims for access to evidence are properly brought under 42 U.S.C. § 1983; and that he has a "liberty interest, not a property interest" at stake.  Dkt. No. 12 at 1-3.  Plaintiff's arguments, however, do not raise any new, plausible legal contentions and do not amount to more than just a general objection to the Report-Recommendation and Order. Plaintiff's Objection merely repeats his request for relief without additional facts or viable arguments to support his claims or entitlements to relief.  *Id.* at 3.  Therefore, the Court will review the Report-Recommendation and Order for clear error.

In his Report-Recommendation and Order dated May 26, 2022, Magistrate Judge Hummel correctly determined that each of Plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted.  First, Magistrate Judge Hummel correctly decided that Plaintiff maintains no procedural due process claim arising under the Fourteenth Amendment for deprivation of a property or liberty interest because New York's Article 78 proceedings act as a post-deprivation remedy for random, unauthorized deprivations by state employees.  The Second Circuit has repeatedly "held that proceedings under New York's Article 78 . . . afford a meaningful post-deprivation remedy and, thus, preclude[s] a procedural due process claim." *Bartolini v. Cassels*, 801 Fed. Appx. 10, 13 (2d Cir. 2020).  Because Article 78 proceedings provide Plaintiff with means to address an unconstitutional deprivation of a liberty or property

interest, Plaintiff has no claim for violations of his procedural due process rights. Therefore, Magistrate Judge Hummel correctly concluded that Plaintiff's Fourteenth Amendment allegations should be dismissed with prejudice and without leave to amend for failing to state a claim upon which relief may be granted.

Second, Magistrate Judge Hummel correctly determined that Plaintiff's Fifth Amendment claim should be dismissed with prejudice and without leave to amend. As the Fifth Amendment provides due process protections against the actions of the federal government and its employees, claims against state employees and agencies do not give rise to a Fifth Amendment violation. U.S. Const. amend. V. When allegations could not possibly amount to "a viable federal claim," a district court may dismiss these claims with prejudice and without leave to amend. *See Sonds v. Cuomo*, No. 9:11-CV-895, 2012 WL 952540, *4 (N.D.N.Y. Feb. 3, 2012). In his complaint, Plaintiff's assertions involve employees of state and local governments of New York, not federal employees. Therefore, because there is nothing in the record to suggest support for Fifth Amendment violations committed by the federal government, Plaintiff's Fifth Amendment allegations must be dismissed with prejudice and without leave to amend.

Finally, the Court agrees with Magistrate Judge Hummel that Plaintiff's Sixth and Eighth Amendment claims should be dismissed without prejudice for Plaintiff does not allege facts plausibly asserting claims under either amendment. Plaintiff fails to assert any conduct by Defendant that indicates a violation of Plaintiff's rights in a criminal prosecution as protected by the Sixth Amendment. U.S. Const. amend. VI. Additionally, Plaintiff fails to show that any conduct by Defendant plausibly meets the criteria of excessive bail, excessive fines, or cruel and unusual punishment as outlined in the Eighth Amendment. U.S. Const. amend. VIII. As such, these two claims must be dismissed. Given his *pro se* status, however, he will be afforded the

chance to present any probative facts to the Court if they exist, and so, the Court grants Plaintiff leave to amend his complaint as to those claims.

Plaintiff is misguided when he argues in his Objection that a claim seeking post-conviction access to evidence is not barred by *Heck* when the evidence sought would not necessarily invalidate his conviction. Dkt. No. 12 at 2 (citing *Caswell v. Green*, 424 Fed. Appx. 44, 46 (2d Cir. 2011)). The Court is not barring Plaintiff's claims under *Heck*, but rather dismissing them because they do not amount to claims of due process violations, given the Article 78 remedy, or of violations of the Fifth, Sixth, and Eighth Amendments, as explained above.

After carefully reviewing Plaintiff's complaint, Magistrate Judge Hummel's Report-Recommendation and Order, and Plaintiff's Objection, the Court hereby

**ORDERS** that Magistrate Judge Hummel's May 26, 2022 Report-Recommendation and Order (Dkt. No. 10) is **ADOPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's Fifth and Fourteenth Amendment claims (Dkt. No. 1) are **DISMISSED with prejudice**, and without leave to amend; and the Court further

**ORDERS** that Plaintiff's Sixth and Eighth Amendment claims (Dkt. No. 1) are **DISMISSED without prejudice**, and with leave to amend; and the Court further

**ORDERS** that Plaintiff must file his amended complaint, if any, withing **TWENTY (20) DAYS** of the date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within twenty (20) days from the date of this Order, the Clerk of the Court shall enter judgment in Defendant's favor and close this case, without further order from this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 8, 2022

Albany, New York

Mae A. D'Agostino
U.S. District Judge